RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/7/06

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOE TURK AND EDITH TURK, ET AL | CIVIL ACTION 06-144 |
| VERSUS | CHIEF JUDGE HAIK |
| LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION, ET AL | MAGISTRATE JUDGE HILL |

## ORDER

On March 18, 2006, hearings were conducted on the Motion for Partial Summary Judgment filed by the plaintiffs Joe Turk, Edith Turk, Charles Theriot, and Bonnie Donahue Theriot, and on the Cross-Motions for Summary Judgment filed by defendants State Farm Fire and Casualty Company ("State Farm") and Louisiana Citizens Property Insurance Corporation ("LA Citizens").

The plaintiffs filed a putative class action alleging that they and members of the putative class suffered damage to their properties that were covered by homeowner's insurance policies issued by State Farm and LA Citizens respectively. They contend that each of the properties was damaged by wind and flood water from Hurricane Rita and sustained a total loss. The State Farm and LA Citizens respective policies specifically exclude coverage for flood water damage.

The plaintiffs sought a judgment declaring that the Valued Policy Law, LA R.S. 22:695, required the defendants to pay the full face amount of the homeowner's policy as long as the covered property was rendered a total loss and <u>any portion</u> of the damages sustained by the premises was attributable to a peril covered by the policy, such as wind. The defendants sought a judgment declaring that the Valued Policy Law does not require payment of the full face amount

of the homeowner's policy limits unless the property is rendered a total loss by a covered peril.

Considering the cross-motions, exhibits, memoranda, statements of uncontested facts and arguments of counsel, the Court finds that, because the homeowner policies at issue exclude coverage for damage caused by flood water, and thus the policyholders did not pay a premium for flood coverage under their homeowner policies, LA R.S. 22:695 cannot be construed to require State Farm or LA Citizens to pay the policy limits under their respective policies when the insured property was rendered a total loss, in whole or in part, by a non-covered peril such as flood waters, rather than in whole by a covered peril such as wind damage. That is, if the property damage is equal to a 100% loss and 50% of that loss is attributable to a covered peril and 50% of that loss is attributable to a non-covered peril, the Court does not read LA R.S. 22:695 to require insurers to pay the policy limit (i.e. 100% of the policy amount) in that instance. In such a case, the insurer would be responsible for paying only for the percentage of loss which is attributable to the covered peril.

The Court also finds that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, thus making it appropriate for interlocutory appeal pursuant to 28 U.S.C. section 1292, and accordingly;

**IT IS ORDERED** that the Cross-Motions for Partial Summary Judgment filed by defendants, State Farm and LA Citizens, be and are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment filed by plaintiffs Joe Turk, Edith Turk, Charles G. Theriot, and Bonnie Donahue Theriot be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that, because the issues addressed herein are central to the

entire litigation and could bear upon the propriety of class certification, these proceedings shall be **STAYED** pending any appeal of this interlocutory Order.

THUS DONE AND SIGNED on this the 6th day of June, 2006.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA